UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT S. DORFMAN,
        Plaintiff,
  v.

MBNA AMERICA BANK, N.A.,
        Defendant.

Civil Action No. 05-10060-DPW

**DEFENDANT'S MOTION TO DISMISS OR COMPEL ARBITRATION**

      Defendant MBNA America Bank, N.A. ("MBNA") hereby moves this Court, pursuant to the Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint of Robert S. Dorfman ("Dorfman") for failure to state any viable claim. In the alternative, MBNA seeks to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, on any claims not otherwise subject to dismissal. This Motion is supported by the accompanying Memorandum of Law and Exhibits annexed thereto.

      In support of its Motion, MBNA states that:

1.     The claims in the Complaint are subject to a valid and binding arbitration agreement contained in Dorfman's credit card agreement with MBNA, a copy of which is attached to the accompanying Memorandum as <u>Exhibit A</u>.

2.     Pursuant to their Agreement, the parties' dispute was properly the subject of a prior arbitration in the National Arbitration Forum and an award in favor of MBNA entered on October 28, 2004.

3.     On or about December 22, 2004, Dorfman served MBNA with the Complaint in this action, which he filed in Massachusetts Superior Court.

4.     On January 11, 2005, MBNA removed the action to this Court.

5. The FAA, the parties' Agreement, Massachusetts and Delaware law mandate that this Court dismiss the Complaint in light of the valid and enforceable nature of the arbitration clause in Dorfman's Agreement.

6. Because all of Dorfman's claims are arbitrable and arise from the same billing dispute, the claims should have been raised in the prior arbitration. Dorfman is, thus, precluded from raising his claims before this Court.

7. To the extent his claims are not otherwise subject to dismissal, the arbitrable nature of Dorfman's claims requires that they be submitted to arbitration.

8. Dorfman has failed to meet the heightened showing required for preliminary injunctive relief.

WHEREFORE, for these reasons and the reasons in the accompanying Memorandum, MBNA respectfully requests that this Court grant its Motion, dismissing Dorfman's Complaint. In the alternative, MBNA seeks to compel arbitration of any claims not otherwise subject to dismissal.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), MBNA requests a hearing on this Motion.

MBNA AMERICA BANK, N.A.

By its attorneys,

_/s/ Christopher B. Zimmerman__
Stephen A. Jonas/BBO#542005
Christopher B. Zimmerman/BBO#653854
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: January 19, 2005

US1DOCS 4928213v1

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, Christopher B. Zimmerman, hereby certify pursuant to Local Rule 7.1(A)(2) that I conferred with Robert S. Dorfman by telephone on January 11, 2004 to discuss removal of plaintiff's Complaint and defendant's response thereto, but was unable to resolve or narrow the area of disagreement addressed by the instant Motion.

        _/s/ Christopher B. Zimmerman __
        Christopher B. Zimmerman

CERTIFICATE OF SERVICE

I, Christopher B. Zimmerman, hereby certify that on this 19th day of January, 2005, I served a true and accurate copy of the foregoing document by Federal Express to: Roberts S. Dorfman, 48 Cherry Tree Road, Cotuit, MA 02635.

/s/ Christopher B. Zimmerman
Christopher B. Zimmerman