# UNITED STATES DISTRICT COURT

### District of Massachusetts

Case Number: 05-10060-DPW

RE: ROBERT S. DORFMAN V. MBNA AMERICA BANK, N.A.,

## CERTIFICATE OF SERVICE

I declare that:

I am over 18 years of age and I am not a party to this action.
My address is 48 Cherry Tree Road, Cotuit, MA 02635.
On the 31st day of January, 2005, I mailed in an envelope a copy of:

Opposition to Defendant's Notice of Removal to Federal Court and motion to dismiss and compel arbitration.

I caused such documents(s) to be mailed via Certified Mail Number 7003-1680-0004-0616-1254 to the interested party below:

Christopher B. Zimmerman
Wilmer Cutler Pickering Hale and Dorr
60 State Street
Boston, MA 02109

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated this 31st day of January, 2005.

Submitted and signed by Corrine L. Brandi,

*Corrine L. Brandi*

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

### CASE NO: 05-10060-DPW

| | |
|---|---|
| ROBERT S. DORFMAN )<br>Plaintiff, )<br> )<br> )<br>v. )<br> )<br> )<br>MBNA AMERICA BANK, N.A., )<br>Defendant(s). )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br>_____ ) | PLAINTIFF'S OPPOSITION TO<br>DEFENDANT'S NOTICE OF<br>REMOVAL AND MOTION TO<br>COMPEL ARBITRATION;<br>OBJECTION TO AFFIDAVIT OF<br>KEN BALLINGER AND<br>TRANSCRIPT OF "ROBERT<br>DIAMOND v. MBNA."<br>REQUEST FOR SANCTIONS<br>PURSUANT TO RULE 11. |

COMES NOW, Robert S. Dorfman, Plaintiff, and opposes Defendant's Notice of

Removal to Federal Court and motion to dismiss or compel arbitration, as follows:

### INTRODUCTION AND BACKGROUND

Plaintiff petitioned the Commonwealth of Massachusetts, County of Barnstable,

Barnstable Superior Court on and about December 17, 2004 with a complaint alleging

statutory violations and damages, breach of contract, violation of rights, and immediate

injunctive relief.

Defendant, MBNA America Bank, N.A., by and through its attorney(s) filed a

notice to remove Plaintiff's original action to the Federal court stating that there is a

Federal question establishing independent basis for Federal jurisdiction for the above

action.

Plaintiff contends that there is no basis whatsoever for Federal jurisdiction and that Defendant has failed to show such jurisdiction.

LAW AND ARGUMENT

Defendant moves the case from State to Federal Court and files a motion to dimiss and compel arbitrationThe Federal Court does not have jurisdiction over the case. Nevertheless Plaintiff will entertain and respond to the arguments presented by Defendant, as set forth herein and below.

        a.    The Federal Court Lacks Subject Matter Jurisdiction Over The Case

Plaintiff's original action involves violations under 15 USC § 1666 *et seq*, 12 CFR § 226.13 *et seq*., breach of contract, violations of rights, and immediate injunctive relief. None of the foregoing establishes an independent basis for Federal Jurisdiction.

The United States Supreme Court has repeatedly stated that Federal courts are courts of limited jurisdiction and possess only the power granted by the Constitution or by Statute, which is not expanded by judicial decree. *See* Rasul v. Bush, 124 S. Ct. 2686 (2004). Federal jurisdiction is strictly construed. *See* Russell v. New Amsterdam Casualty Co., 325 F.2d 996, 1964 U.S. App.

"The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *See* Crompton Mfg. Co. v. Plant Fab Inc., 91 Fed. Appx. 335, 2004 U.S. App. Defendant has utterly failed to show existence of Federal jurisdiction. On a motion to dismiss, the party seeking to move the case to Federal court has the burden to establish the existence of subject matter jurisdiction." *See* Soeken v. Herman, 35 F.Supp.2d 99 (D.D.C. 1999).

Although, the action involves diversity of citizenship, there is no independent basis in the Federal court, as the amount in controversy does not exceed $75,000.00, as required by 28 USC § 1332(a).

The United States Supreme Court has already held that the FAA does not provide basis for a Federal Question jurisdiction,[1] and that "enforcement of the Act is left in large part to the state courts." *See* <u>Moses H. Cone Mem'I Hospital. v. Mercury Construction Corp</u>. 460 U.S, 1,26 (1983).

None of the issues or reasons set forth in Defendant's notice to remove the case from State to Federal court creates an independent basis for jurisdiction in the Federal court over the subject matter that could not otherwise be decided by a State court, thus the petition must be denied as a matter of law.

        b.    <u>Civil Remedies Under The Truth In Lending Act May Be Sought In A State Court</u>

It is well established that statutory violations under Tile 15 § 1666 may be filed within any State court pursuant to 15 USC § 1640((e). *See* Bastrop Loan Co. v Burley (1975), WD La) 392 F Supp 970. *See* also <u>Lewis v. Delta Loans, Inc.</u>, 300 So. 2d 142, 1974 Miss.[2]

The Superior Court of Massachusetts has general jurisdiction and thus empowered with the authority to hear and decide the issues alleged in Plaintiff's complaint, including violations under the Truth in Lending Act (15 USC §§ 1601 *et seq*).

---

[1] "The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under <u>28 U. S. C. § 1331</u> (1976 ed., Supp. V) or otherwise."

[2] In <u>Lewis v. Delta Loans, Inc.</u>, the court held that "[u]nless jurisdiction over federally created rights is expressly restricted to the federal courts, the state courts have concurrent jurisdiction." The court further held that "State courts are not free to refuse or ignore jurisdiction over rights of action which arise under the constitution and laws of the United States. If the ordinary jurisdiction of the state court as prescribed by local law is adequate to the case, the court must accept jurisdiction of such federally created rights."

There is simply no authority for Truth in Lending Act (TILA) violations to be brought in a private arbitration forum, and that is even if there was an agreement to arbitrate such dispute.   There just simply is not, and Congress did not intend for consumers to file their TILA claims in the National Arbitration Forum, or any other private forum for that matter.   Certainly underlying disputes may be arbitrated if there is an arbitration agreement.   However, the claim under TILA does not involve an underlying dispute.  It involves a claim for statutory violations brought in under 15 USC § 1640(e).

c.     There Are No U.S. Constitutional Issues That Require The Federal Court's Decision

Defendant states that there are Constitutional issues that confer jurisdiction.   This is simply not the case.  Plaintiff has not raised any Federal Constitutional issues to be decided in the complaint and therefore there is no Federal Question under 28 USC § 1331.  The Superior Court of Massachusetts can decide any rights that may be violated under State law.

d.     The Affidavit Of Ken Ballinger Is Insufficient, Irrelevant and Immaterial And Must Be Stricken

Defendant submits an affidavit of Ken Ballinger in support of the motion to compel arbitration.   However, the issues contained in Mr. Ballinger's self-serving "affidavit" are immaterial and irrelevant to Plaintiff's complaint.

Further, the "affidavit" is legally insufficient on its face and must not be considered.   It is not a declaration pursuant to 28 § 1746, as it does not comply with said section.  Mr. Ballinger does not declare, certify or verify anything. He fails to state, "the foregoing is true and correct." In fact, there is nothing that complies with § 1746.  His

statement begins as an "AFFIDAVIT" and states that he is duly sworn, but the paper is not notarized before an authorized officer and therefore it is not an affidavit. The paper appears to be undecided of whether to be an affidavit or declaration.

Even if the court entertains this self-serving "affidavit," which it should not, there are other problems contained in it. Mr. Ballinger's alleged "personal knowledge" is less than credible. For example, ¶ 6 he claims that MBNA mailed Plaintiff a 1994 agreement. He fails to state how he knows that information and provide any evidence thereof. He fails to state if he personally mailed the agreement, and if he even worked for MBNA at that time. Another example is found in ¶ 7 where Mr. Ballinger states that Plaintiff made purchases to the account. How does Mr. Ballinger know this? He doesn't even state if he worked at MBNA at that time. Did someone tell him this? If so, then his "affidavit" is hearsay. Yet another example is in ¶ 10, when Mr. Ballinger admits that MBNA generated a list of names sent to a third party for mailing. How does Mr. Ballinger know the third party mailed anything to Plaintiff and that Plaintiff's name was included in this list? For this reason ¶¶ 11, 12 and 13 are hearsay.

Mr. Ballinger's "affidavit" is insufficient since the foregoing points show Mr. Ballinger's lack of credibility. Having said that, the issues are not germane to Plaintiff's complaint and provide no basis for Federal Jurisdiction whatsoever.

        e.     The Transcript Submitted Of "Robert Diamond v. MBNA" Is Hearsay And Highly Inappropriate And Has No Bearing On The Instant Case Whatsoever

Defendant submits a transcript from 2003 of Robert Diamond v. MBNA, which bears no relation to the case at hand. Not only is not a published case that Defendant may cite as authority, it is completely immaterial to this case. Plaintiff brought an action for

violations under the Fair Credit Billing Act (15 USC § 1666), breach of contract and injunctive relief. Even if the transcript was authorized by law to be cited, which it is not, the transcript deals with another MBNA case relating to compelling arbitration.

There is no compelling reason why this court should even entertain the transcript, let alone admit it as evidence into the case. Defendant is either completely missing the elements of Plaintiff's complaint, or simply just willfully bringing in frivolous arguments to delay the State court proceedings.

Is Defendant suggesting that the case should ordered to arbitration after an award was already entered in favor of Defendant? One of the elements of the Plaintiff's complaint is that there was never any agreement to arbitrate and that the award was entered illegally.

> f.   Defendant Is Misstating The Record With Meritless Arguments

Defendant on page 4 of its Memorandum of Law states that Plaintiff asserts that the arbitration clause is unconstitutional. Nowhere in Plaintiff's complaint does Plaintiff make such assertion and Defendant fails to make any such reference, as none exists. However, none of these issues are germane to Plaintiff's complaint and provide no basis for Federal Jurisdiction whatsoever. Point 1 of the Memorandum is misguided to say the least. The frivolous arguments strongly depend upon several elements. One is that the facts of the other cases are identical to the case at hand. They are not. It also would depend on there being an arbitration agreement that Plaintiff received. There is not and those issues are factual issues not to be tried and decided this early in the litigation notwithstanding Defendant's attempt to do otherwise.

Point II, Defendant unsuccessfully argues that Plaintiff's claim of Truth in Lending Act violations should have been argued and decided by the arbitrator. The point is that Plaintiff argues and states that there was never any arbitration agreement, so why would Plaintiff submit to arbitration and having claims that should be heard in a court of competent jurisdiction heard before an arbitrator?

Defendant is again misguided when it attempts to argue that Plaintiff's complaint is over billing error, which may in fact be decided by an arbitrator. They are not. The complaint, in part, alleges statutory violations that are subject to 15 USC § 1640 and may be brought in a State court set forth herein. Again, Defendant also relies on the fact that there was an arbitration agreement that would subject such claim to arbitration. There is not and Plaintiff's claims do not involve dispute over charges and billing errors. It involves violations of the Truth in Lending Act. In Point III, Defendant moves to compel arbitration after it already received an illegal award in its favor. Plaintiff is exercising his right to vacate the award and seeking injunctive relief from enforcement of the award.

With respect to Defendant's Point IV, this is another frivolous argument. There was no agreement to arbitrate. Despite that, Defendant obtained an illegal award, which by law is unenforceable. If this award were enforced, Plaintiff would be harmed irreparable. Plaintiff therefore is seeking injunctive relief from the award being enforced as permitted by 9 USC § 12. This must be done in a State court, as the FAA does not automatically confer jurisdiction to the Federal courts.

g.    <u>Sanctions Are Appropriate For Defendant's Frivolous And Harassing Pleadings</u>

Rules of Civil Procedure, Rule 11 permits sanctions for frivolous filings. Rule 11 states in part:

1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Defendant's filings were done purposely to harass and delay proceedings. Defendant retained attorneys to file these pleadings that must, or should have known, that the papers were frivolous. None of the arguments presented are based in facts or law, but instead are used a dilatory tool in an attempt to waste the court and Plaintiff's time. Their arguments are without any merit whatsoever, as set forth herein, and they either did not make a diligent attempt to research the issues, or simply are abusing the legal process in an effort to increase time and cost for Plaintiff.

Attached hereto is a recent Order from United States Western District in Texas on similar issues. See Exhibit "A." There, MBNA filed a motion to dismiss to remove the case *from* the Federal court for lack of subject matter jurisdiction. Here MBNA is filing a motion to move the case *to* the Federal Court claiming is has subject matter jurisdiction. Which is it? Plaintiff is confused by MBNA's contradicting arguments. In other words, when it serves MBNA it argues for jurisdiction, but when it doesn't, it argues against it.

The court in "Hughes v. MBNA," attached hereto as Exhhibit "A", noted that it was concerned with the number of sheer cases involving MBNA trying to enforce consumers to arbitrate over objections of no arbitration agreement, it nevertheless held that the issue should be brought in a State court.

F or the foregoing reasons, sanctions are in order to send a message to MBNA that it should get its argument straight and to stop MBNA from bringing frivolous pleadings into the court.

CONCLUSION

For the reasons set forth herein, the court does not have subject matter jurisdiction over the instant case, and must, as a matter of law deny Defendant removal and motion to compel arbitration. Further, since Defendant's pleadings should not be well-taken as they are clearly frivolous the court should impose sanctions against Defendant for wasting the court and Plaintiff's time, and order Defendant to pay cost and fees for having to respond to this frivolous motion.

Dated this 31th day of ___January___ 2005.

Respectfully submitted and signed
by Robert S. Dorfman

FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DEC 1 6 2004

CLERK, U.S. DISTRICT
WESTERN DISTRICT OF
BY _____
DEPUTY CLERK

MARCUS E. HUGHES,            )
                            )
        Plaintiff,           )
                            )
VS.                          )
                            )   Civil Action No:  SA-04-CA-0931-XR
                            )
MBNA AMERICA BANK, N.A.,     )
                            )
        Defendant.           )
                            )

### ORDER

On this date the Court considered Defendant's motion to dismiss for lack of subject matter jurisdiction as well as Plaintiff's motion to strike. Plaintiff filed his *pro se* motion on October 18, 2004, seeking an order vacating an arbitration award entered against him by the National Arbitration Forum. Plaintiff received notice of a claim filed against him in the National Arbitration Forum in April 2004 and filed a notice of objection on May 17, 2004. Plaintiff claimed that he never entered into any contract with Defendant containing an arbitration provision. The arbitration proceeded over Plaintiff's objection and without Plaintiff's participation and an award of $18,548.73 was awarded in favor of Defendant.

Defendant seeks dismissal for lack of subject matter jurisdiction. Plaintiff's motion states that jurisdiction is founded upon the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10 & 12. In his response to Defendant's motion, Plaintiff argues that jurisdiction is founded upon 28 U.S.C. § 1331, federal question jurisdiction. The United States Supreme Court has noted that the FAA is "something of an anomaly in the field of federal court jurisdiction," and that "there must be diversity of citizenship or some other independent basis for federal jurisdiction" in order to maintain suit in

1

9.

Exhibit "A"

federal court. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n.32 (1983). While diversity of citizenship exists in this case (Plaintiff is a Texas resident; Defendant is a Delaware resident), the amount in controversy requirement of 28 U.S.C. § 1332 is not met, and therefore there is not diversity jurisdiction. Neither is there federal question jurisdiction. The Fifth Circuit in *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 506 (5th Cir. 2004), specifically held that § 10 of the FAA does not confer jurisdiction on the district court. The Court in *Smith* also held that a motion to vacate an arbitration award, by itself, was not sufficient to confer federal question jurisdiction. *Id.* Plaintiff's final argument is that jurisdiction rests upon the Due Process Clause of the Fourteenth Amendment to the United States Constitution. However, as there is no state actor in this case, the Due Process Clause is not applicable. Consequently, the Court finds it does not have subject matter jurisdiction.

Plaintiff's motion to strike Defendant's "scandalous pleading" (it is unclear what Plaintiff meant by this) is DENIED (docket no. 6). While the Court is concerned over the sheer number of cases involving Defendant that seem to have arisen in situations similar to Plaintiffs, in which consumers have been sent to arbitration while objecting that they have never entered into contracts containing arbitration clauses, this matter is confined to the state courts for resolution. Defendant's motion should be GRANTED (docket no. 4).

SIGNED this 16th day of December, 2004.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

2

Exhibit "A"